UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
UNITED STATES OF AMERICA

        -v.-                                           ORDER

LIEUNIGEL LEWIS,                          16-CR-478-12 (CS)

                Defendant.
-------------------------------------------------------x

Seibel, J.

      Before the Court is Defendant Lieunigel Lewis's motion for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A), known as "compassionate release," (Doc. 397), and the Government's opposition thereto, (Doc. 399).

      On June 19, 2017, Defendant was sentenced principally to 60 months' imprisonment. (Doc. 141.)  That sentence was the mandatory minimum applicable to his offense.(Doc. 127 ("PSR") at 21.)  He has less than nine months left to serve and says he will be eligible for a halfway house, or Residential Reentry Center ("RRC") in three months.

      Under 18 U.S.C. § 3582(c)(1)(A), I may, after considering the factors set forth in 18 U.S.C. § 3553(a), reduce a sentence if extraordinary and compelling reasons justify such action and it is consistent with the relevant policy statements of the Sentencing Commission.  Policy Statement 1B1.13 imposes similar requirements, along with the provision that the Defendant not be a danger to the safety of any other person or the community.  Application Note 1 to Policy Statement 1B1.13 describes four potential extraordinary and compelling reasons: 1) the defendant has a terminal medical condition or because of serious health condition from which he is not expected to recover is substantially diminished in his ability to provide self-care; 2) the defendant is at least 65 years old, has served 75% or 10 years of his sentence, and is

experiencing a serious deterioration in health because of the aging process; 3) family circumstances; and 4) an extraordinary and compelling reason other than or in combination with one of the above. But "[n]either Application Note 1(D), nor anything else in the now-outdated version of Guideline § 1B1.13, limits the district court's discretion." *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020). "The defendant has the burden to show he is entitled to a sentence reduction" under Section 3582(c)(1)(A). *United States v. Ebbers*, 432 F. Supp. 3d 421, 426 (S.D.N.Y. 2020).

      Defendant argues that the dangers presented by the coronavirus pandemic in prison, combined with his obesity and family history of heart disease, put him at increased risk for a severe case should he develop COVID-19, and amount to an extraordinary and compelling reason. FCI Schuylkill, where Defendant is housed, is experiencing an outbreak (although fortunately no deaths have been reported). The Centers for Disease Control ("CDC") has identified obesity as a condition causing increased risk for severe disease if one contracts COVID-19. Being merely overweight, on the other hand, is a condition that, according to the CDC, *might* be a risk factor. The Government represents that Defendant's medical records show no heart disease and reveal nothing about his weight since 2017, when he was not obese. Defendant provides no evidence that he is obese apart from a conclusory statement to that effect.

      Whether Defendant is or not obese may determine whether I can even consider release, because I must find an extraordinary and compelling reason, and in the absence of evidence of increased risk grounded in medical fact, "pointing to the mere existence COVID-19 either in a prison facility or in society generally is not enough to satisfy the 'extraordinary and compelling reasons' requirement of 18 U.S.C. § 3582(c)(1)(A)." *United States v. Davis*, No. 14-CR-296, 2020 WL 5628041, at *3 (S.D.N.Y. Sept. 21, 2020) (internal quotation marks omitted)

(collecting cases) ; *see United States v. Knight*, No. 10-CR-128, 2020 WL 5640238, at *5 (W.D.N.Y. Sept. 22, 2020) ("[T]he mere possibility of contracting a communicable disease such as COVID-19, without any showing that the Bureau of Prisons will not or cannot guard against or treat such a disease, does not constitute an extraordinary or compelling reason for a sentence reduction . . . ."); *United States v. Otrosinka*, No. 12-CR-300, 2020 WL 5628060, at *4 (W.D.N.Y. Sept. 21, 2020) ("generalized fear" of contracting COVID-19 does not constitute extraordinary and compelling reason justifying release) (collecting cases).

Accordingly, I need fresh information on Defendant's weight. The Government is directed to communicate with appropriate officials at FCI Schuylkill and have the medical staff provide up-to-date information regarding whether Defendant is currently obese, overweight or neither. It shall provide this information to the Court no later than January 5, 2021, and sooner if possible. The Government shall also determine when Defendant is scheduled to be released to an RRC. The Clerk of Court is respectfully directed to send a copy of this Order to Lieunigel Lewis, No. 78059-054, FCI Schuylkill, Federal Correctional Institution, P.O. Box 759, Minersville, PA 17954.

Dated: December 29, 2020
       White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.