UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
UNITED STATES OF AMERICA

        -v.-                                        ORDER

LIEUNIGEL LEWIS,                         16-CR-478-12 (CS)

                Defendant.
-------------------------------------------------------x

Seibel, J.

        Before the Court is Defendant Lieunigel Lewis's motion for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A), known as "compassionate release," (Doc. 397), and the Government's opposition thereto, (Docs. 399, 401).

        On June 19, 2017, Defendant was sentenced principally to 60 months' imprisonment. (Doc. 141.) That sentence was the mandatory minimum applicable to his offense. (Doc. 127 at 21.) His Bureau of Prisons release date is September 21, 2021 and, as confirmed by the Government, he is scheduled to be transferred to a halfway house, or Residential Reentry Center ("RRC"), on March 30, 2021.

        Under 18 U.S.C. § 3582(c)(1)(A), I may, after considering the factors set forth in 18 U.S.C. § 3553(a), reduce a sentence if extraordinary and compelling reasons justify such action and it is consistent with the relevant policy statements of the Sentencing Commission. Policy Statement 1B1.13 imposes similar requirements, along with the provision that the Defendant not be a danger to the safety of any other person or the community. Application Note 1 to Policy Statement 1B1.13 describes four potential extraordinary and compelling reasons: 1) the defendant has a terminal medical condition or because of serious health condition from which he is not expected to recover is substantially diminished in his ability to provide self-care; 2) the

defendant is at least 65 years old, has served 75% or 10 years of his sentence, and is experiencing a serious deterioration in health because of the aging process; 3) family circumstances; and 4) an extraordinary and compelling reason other than or in combination with one of the above. But "[n]either Application Note 1(D), nor anything else in the now-outdated version of Guideline § 1B1.13, limits the district court's discretion." *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020). "The defendant has the burden to show he is entitled to a sentence reduction" under Section 3582(c)(1)(A). *United States v. Ebbers*, 432 F. Supp. 3d 421, 426 (S.D.N.Y. 2020).

Defendant argues that the dangers presented by the coronavirus pandemic in prison, combined with his obesity and family history of heart disease, put him at increased risk for a severe case should he develop COVID-19, and amount to an extraordinary and compelling reason. FCI Schuylkill, where Defendant is housed, is experiencing an outbreak (although fortunately no deaths have been reported), and according to the Department of Justice Office of Inspector General COVID-19 dashboard, it is showing no signs of abating. The Centers for Disease Control ("CDC") has identified obesity as a condition causing increased risk for severe disease if one contracts COVID-19. The Government, in response to my earlier order, (Doc. 400), has advised that Defendant's body mass index ("BMI") exceeds 30, although just barely, and thus he is obese and at risk according to the CDC. While Defendant could have lost the few pounds necessary to get his BMI below 30, at present he has a medical condition that puts him at increased risk and is confined to a facility where the virus is present and social distancing is not possible. The Government thus concedes that Defendant's circumstances present an "extraordinary and compelling reason" within the meaning of 18 U.S.C. § 3582(c)(1)(A).

I must next consider the § 3553(a) factors. Defendant was a street-level crack dealer. His offense did not involve gang activity or acts of violence.[1] Of great concern, however, is Defendant's criminal history. He has three prior drug convictions for which he served sentences of one year, one year and 42 months, respectively. He violated his parole for the latter conviction and was still on parole when he committed the instant offense. Plainly he was not deterred by those prior prison terms and showed no respect for the law. His drug use no doubt contributed to his repeated crimes. Thus there is a significant risk that Defendant will commit further crimes.

Nevertheless, Defendant has less than nine months left to serve and he will go to a halfway house in less than three months. He was 22 when he was last arrested; hopefully he has matured and will make better choices now that he is almost 27. In light of how close he is to release anyway, I do not think that it would be unjust, undermine respect for the law, introduce unwarranted sentencing disparity, or otherwise undermine the purposes of sentencing if, rather than serving three more months in prison and then six months in a halfway house, Defendant served those three months under home incarceration and the following six on home confinement, given the increased risks to his health presented by continued imprisonment. So restricted, Defendant is unlikely to pose a danger to the community. In short, the risks presented by his remaining incarcerated outweigh the § 3553(a) factors that would be served by requiring him to finish his term.

Accordingly, the motion is granted and the term of imprisonment on Count One is reduced to time served. Assuming Defendant to be COVID-free, he shall be released forthwith,

---

[1] Defendant has one prior conviction for what appears to be a serious act of violence – beating the victim in the head with a baseball bat – at age 17. He is now almost 27 years old.

on the following conditions – which are special conditions of supervised release in addition to the conditions of supervised release already imposed:

1.  The time between now and September 21, 2021 will be an additional term of supervised release (in addition to the four years already imposed) on the same conditions already imposed, plus those set forth below.

2.  The defendant shall be subject to home incarceration, to be enforced by location monitoring technology determined at the discretion of Probation, at the residence approved by Probation until March 30, 2021.  During the period of home incarceration, Defendant must remain at his approved residence except as necessary for medical treatment, which requires prior notice to and approval by the Probation Department unless it involves a true emergency. Thereafter, until his scheduled Bureau of Prisons release date of September 21, 2021, Defendant will be subject to home confinement, to be enforced by location monitoring technology determined at the discretion of Probation, at the residence approved by Probation.  During the period of home confinement, he will be restricted to his residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities pre-approved by the Probation Department.

3.  The defendant is to possess or have access to a phone that will allow video conferencing by the Probation Department.

4.  Defendant shall contact Supervisory U.S. Probation Officer Kevin Mulcahy (646-210-4075) upon his release.[2]

---

[2] I am imposing the first condition to protect the public and provide Defendant with needed support.  I am imposing the second condition to provide just punishment, avoid

I am sticking my neck out for a prisoner who has not done anything in particular to deserve leniency. I will regard it a serious violation of the trust I have placed in Defendant if he fails to abide by any of the previously imposed conditions of supervised release or any of the additional conditions set forth above, and I will not hesitate to return him to prison if his actions justify it. In other words, unless Defendant wants to go back to prison, he needs to comply strictly with every condition of supervised release and every instruction of his Probation Officer(s), and if he does not, he should not expect any leniency from me.

The Government is directed to supply a copy of this Order to the Bureau of Prisons and the Warden (or other appropriate official) at FCI Schuylkill. The Clerk of Court is directed to terminate Doc. 397 and to send a copy of this Order to Lieunigel Lewis, No. 78059-054, FCI Schuylkill, Federal Correctional Institution, P.O. Box 759, Minersville, PA 17954.

Dated: January 5, 2020
      White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.

---

unwarranted disparities, recognize the seriousness of the offense and protect the public from further crimes. The third and fourth conditions will allow proper supervision by Probation.